UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>                              Plaintiff,<br><br>v.<br><br>RPC OLD TOWN AVENUE OWNER, LLC, a Delaware limited liability company; and DOES 1 through 10,<br><br>                              Defendants. | Case No.: 21-cv-0170-GPC-KSC<br><br>**ORDER DISMISSING CASE WITH PREJUDICE**<br><br>**[ECF No. 3]** |

Before this Court is a Motion to Dismiss ("MTD") filed by Defendant RPC Old Town Avenue Owner, LLC ("Defendant"). ECF No. 3. Upon reviewing the moving documents and the record of the case, the Court **GRANTS** the MTD and **DISMISSES with prejudice** Plaintiff's First Amended Complaint ("FAC").

I.   BACKGROUND

   A.   Procedural History

Plaintiff filed his original Complaint in state court on November 5, 2020, alleging that Defendant violated the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act (the "Unruh Act"). *See* ECF No. 1-2. Defendant

1

removed the case to federal court on January 29, 2021, and filed the instant MTD on March 1, 2021. ECF Nos. 1, 3. On March 15, 20201, Plaintiff filed the operative FAC. ECF No. 6. This would typically moot the MTD, but after considering Defendant's Response to the FAC, ECF No. 11, and reviewing the case record, the Court concluded that the MTD is still relevant and set an additional briefing schedule. *See* Order, ECF No. 11. Thereafter, Plaintiff filed his Opposition and Defendant filed its Reply. ECF Nos. 12, 14.

### B. Factual Allegations

Plaintiff suffers from cerebral palsy, has the use of only one arm, and uses a wheelchair, walker, or cane for mobility. FAC ¶ 1, ECF No. 6. Due to his disability, Plaintiff cannot "stand, ambulate, reach objects mounted at heights above his shoulders, transfer from his chair to other equipment, and maneuver around fixed objects." *Id.* ¶ 12. "Thus, Plaintiff needs an accessible guestroom and he needs to be given information about accessible features in hotel rooms . . . ." *Id.* ¶ 13.

On September 28, 2020, Plaintiff sought to book an accessible room at the hotel owned and operated by Defendant (the "Hotel") by using the Hotel's website. *See id.* ¶ 16. The lawsuit in front of this Court concerns the "insufficient data or details about the accessible guestrooms" in the Hotel's reservation website, in which the relevant information would permit Plaintiff "to determine if there are rooms that would work for him." *See id.* ¶¶ 7, 18. Specifically, Plaintiff takes issue with the lack of information "about the accessibility of the bed, the sink, [and] the room desk," "whether the 'accessible' roll-in shower had grab bars or a shower seat," "whether there were grab bars on the walls behind and on the side of the toilet," and the toilet height. *Id.* ¶ 19. Thus while the Hotel identified certain public spaces as "accessible," it did not describe the accessible features "in enough detail." And because of this lack of detail, Plaintiff is unable to "assess independently" whether the Hotel meets Plaintiff's accessibility needs.

*Id.* ¶ 22.  According to Plaintiff, the above alleged defects by Defendant violates various provisions in 28 C.F.R. § 36.302(e).  *See id.* ¶¶ 20, 30–31.

### C. Other Lawsuits By Plaintiff

In its MTD, Defendant makes note of the fact that Plaintiff and his representative counsel have filed numerous, similar ADA lawsuits across California, in both state and federal courts.  *See* Def.'s MTD Mem. 1–2, ECF No. 3-1.  According to Defendant, at least seven cases have resolved in Defendant's favor, including *Garcia v. Gateway Hotel, L.P.*, No. 2:20-cv-10752-PA-GJS (C.D. Cal. Feb. 25, 2021).

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") tests the sufficiency of a complaint, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001), and dismissal is warranted if the complaint lacks a cognizable legal theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  A complaint may also be dismissed if it presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Id.*  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).  Determining the plausibility of the claim for

relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When ruling on a Rule 12(b)(6) motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The court assumes the truth of all factual allegations and construes all inferences from them in the light most favorable to the non-moving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). At the same time, legal conclusions need not be taken as true merely because they are in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). In addition, the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1096 (9th Cir. 2004) (quotations omitted).

## III.     REQUESTS FOR JUDICIAL NOTICE

As part of its MTD and Reply briefs, Defendant filed various Requests for Judicial Notice ("RJNs"). RJN, ECF No. 3-2; Suppl. RJN, ECF No. 14-1. The Court addresses each of the underlying documents.

The Court takes judicial notice of Exhibits 1 and 2 of the RJN, which Plaintiff does not object either, *see* Pl.'s Opp'n 7, ECF No. 12. These Exhibits are copies of certain pages in Defendant's Hotel website. These documents are referenced in Plaintiff's FAC. *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (affirming judicial notice of information available on websites since "Plaintiffs directly quoted the material posted on these web pages, thereby incorporating them into the Complaint.").

The Court denies judicial notice for Exhibit 3 of the RJN. The only purpose of this document is for Defendant to bring the Court's attention to Plaintiff's litigation history.

*See* Def.'s MTD Mem. 1, ECF No. 3-1.  Defendant's litigation record is not something the Court considered in reaching its decision.  *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) ("The attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants our most careful scrutiny. . . . This is particularly true in the ADA context . . . ."); *cf.* Fed. R. Evid. 403 (excluding evidence if its probative value is substantially outweighed by "unfair prejudice").

The Court declines to take judicial notice of Exhibit 4 of the RJN.  While Defendant intended to provide a true and correct copy of the consent decree that was entered in *United States v. Hilton Worldwide, Inc.*, No. 1:10-cv-1924 (D.D.C. Nov. 30, 2010), Dkt. No. 5 ("HWI Consent Decree"), the underlying document does not appear to be the actual consent decree.  *See* RJN Ex. 4, ECF No. 3-2.  Instead, the Court takes judicial notice of the HWI Consent Decree on its own as a matter of public record.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 n.6 (9th Cir. 2006); Fed. R. Evid. 201(c)(1) (permitting courts to take judicial notice on their own).

The Court also declines to take judicial notice for Exhibits 5 to 10 of the RJN, for it is unnecessary to judicially notice case law—the Court could access and consider these opinions on its own.  *See, e.g.*, *Derum v. Saks & Co.*, 95 F. Supp. 3d 1221, 1224 (S.D. Cal. 2015).

Finally, the Court denies the Supplemental RJN as moot since the Court did not rely on the underlying documents in reaching the decision.

## IV.   DISCUSSION

The Court **DISMISSES** Plaintiff's ADA claim because it finds that the Hotel website at issue complies with 28 C.F.R. § 36.302(e), referred to by Defendant as "the Reservations Rule."  Specifically, Defendant complies with the way that the Department of Justice ("DOJ" or "Department") has interpreted the Reservations Rule, and the

Department's interpretation of the Reservations Rule is entitled to deference. The Court also **DISMISSES** Plaintiff's claim based on the Unruh Act, because this cause of action necessitates a violation of the ADA, which the Court rejected.

The thrust of Plaintiff's ADA claim is that Defendant violated the Reservations Rule. The regulatory text at issue requires the Hotel to:

> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; . . . [and]
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems.

28 C.F.R. § 36.302(e)(1).

In analyzing whether Defendant's booking system violated the Reservations Rule, the Court makes three important observations. First, the Court is interpreting a *regulation*, not a statute. Thus, Plaintiff's case law on how the Court should construct the ADA statutes, *see, e.g.*, Pl.'s Opp'n 8, 15, 24, ECF No. 12, are inapplicable.

Second, the Department of Justice in 2010 provided a guidance on the Reservations Rule ("2010 DOJ Guidance").[1] The relevant parts of this document state the following:

---

[1] The Court disagrees with Plaintiff's assertion that the Department of Justice did not formally interpret its own regulation, *see* Pl.'s Opp'n 24, ECF No. 12. The 2010 Guidance expressly states that it is "providing a section-by-section analysis" of the revised provisions, which are at issue in this lawsuit. 36 C.F.R. Pt. 36, App. A.

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.
>
> . . .
>
> [O]nce reservations are made, some hotels may wish to contact the guest to offer additional information and services. Or, many individuals with disabilities may wish to contact the hotel or reservations service for more detailed information. At that point, trained staff (including staff located on-site at the hotel and staff located off-site at a reservations center) should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench).

36 C.F.R. Pt. 36, App. A.

 This document is entitled to great deference in interpreting the Reservations Rule. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904 (9th Cir. 2019) (citing *Bragdon v. Abbott*, 524 U.S. 624, 646 (1998)), *cert. denied*, 140 S. Ct. 122 (2019) (denying certiorari after *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019)); *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) ("The DOJ's interpretation of its ADA implementing regulations is entitled to 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'"); *see also Love v. Wildcats Owner LLC*, No. 20-CV-08913-DMR, 2021 WL 1253739, at *4 n.1 (N.D. Cal. Apr. 5, 2021) (entitling the same level of deference post-*Kisor*, because terms such as "enough detail" and "reasonably permit" are ambiguous);

*Landis v. Washington State Major League Baseball Stadium Pub. Facilities Dist.*, No. 2:18-CV-01512-BJR, 2019 WL 7157165, at *14 (W.D. Wash. Dec. 3, 2019) (granting same deference post-*Kisor*).

Third, the Department of Justice's litigation position enlightens the Court's analysis on the Reservations Rule. *See Price v. Stevedoring Servs. of Am., Inc.*, 697 F.3d 820, 832 (9th Cir. 2012) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *San Luis & Delta-Mendota Water Auth. v. United States*, 672 F.3d 676, 708 (9th Cir. 2012)). This does not mean that the position taken by the Department of Justice automatically holds persuasive value. *See Price*, 697 F.3d at 832. However, to the extent that the agency's litigation position has been "consistently advanced" and appears reasonable and persuasive, courts accord *some* weight to it. *See id.*

Here, the Defendant presents the HWI Consent Decree as an additional example of how the Department of Justice understands and enforces the Reservations Rule. And it is evident from the HWI Consent Decree that what the Department requires from its subjects is consistent with the Reservations Rule and the 2010 DOJ Guidance (regardless of the fact that the HWI Consent Decree predates both). *Compare* Consent Decree, *United States v. Hilton Worldwide, Inc.*, No. 1:10-cv-1924 (D.D.C. Nov. 30, 2010), Dkt. No. 5 (requiring defendant "to identify by room type which rooms are accessible, and for each such room type, which of the following accessibility or other features it has," which includes number of beds, their size, roll-in shower or accessible tub, visual alarms, etc.), *with* 36 C.F.R. Pt. 36, App. A. Further, the HWI Consent Decree was approved by the district court. Order Entering Consent Decree, *United States v. Hilton Worldwide, Inc.*, No. 1:10-cv-1924 (D.D.C. Nov. 30, 2010), Dkt. No. 6. The court's approval affirms that the agency's enforcement position is "fair, adequate, reasonable, and appropriate." *In re Idaho Conservation League*, 811 F.3d 502, 515 (D.C. Cir. 2016) (citations omitted); *accord U.S. ex rel. Lummi Nation v. Dawson*, 328 F. App'x 462 (9th Cir. 2009) ("'Before

1  approving a consent decree, a district court must be satisfied that it is at least
2  fundamentally fair, adequate and reasonable,' and conforms to applicable laws." (quoting
3  *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990))). Accordingly, the HWI
4  Consent Decree provides additional persuasive insight as to how the Reservations Rule
5  should be interpreted. *Cf. Love v. Marriott Hotel Servs.*, No. 20-cv-07137-TSH, 2021
6  U.S. Dist. LEXIS 41081, at *23 (N.D. Cal. Mar. 3, 2021) (conferring persuasive value to
7  the HWI Consent Decree for similar reasons, especially since the HWI Consent Decree
8  "tracks the requirements of the Reservations Rule").

      With these three observations in mind, the Court concludes that the Hotel complies with the Reservations Rule. The Hotel's website specifies that certain areas, features, and rooms are "accessible." And for each accessible room, the website describes the general type of room ("Guest room, 2 Queen" and "King Guest Room"), the size and number of beds ("2 Queen" and "1 King"), the type of accessible bathing facility ("roll in showers"), and communication features ("hearing accessible rooms with visual alarms and visual notification devices for door and phone," and "visual alarms and visual notification devices for door and phone"). Finally, a staff that can explain "the physical features of [the Hotel's] accessible rooms, common areas, or special services relating to a specific disability" is available on call with a direct line. *See* RJN Exs. 1, 2, ECF No. 3-2. All of these details comply with the 2010 DOJ Guidance and the HWI Consent Decree, which in turn indicate how the Reservations Rule should be interpreted and applied.

      By extension, Plaintiff's various contentions that Defendant does not comply with the text of the Reservations Rule do not persuade the Court because the DOJ documents guide the Court in interpreting said text. For example, Plaintiff argues that Defendant's labeling of certain areas, features, and rooms as "accessible" is conclusory. *See* Pl.'s Opp'n 7, ECF No. 12. But this labeling is a description that the DOJ expressly interpreted as complying with the Reservations Rule. *See* 36 C.F.R. Pt. 36, App. A

(discussing how "it may be sufficient to specify that the hotel is accessible"). This interpretation is backed by the regulations themselves, for the word "accessible" is an ADA term of art which means that a facility complies with either the 1991 or 2010 ADA Standards for Accessible Design. *See* 28 C.F.R. § 36.406(c); 1991 Standards for Accessible Design § 3.5 (defining "accessible"); 2010 ADA Standards for Accessible Design § 106.5 (same). Thus rather than being conclusory, the labeling is a shorthand way of signaling compliance with the ADA. *See, e.g.*, *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752 PA (GJSx), 2021 U.S. Dist. LEXIS 36034, at *12 to *13 (C.D. Cal. Feb. 25, 2021); *Rutherford v. Evans Hotels, LLC*, No. 18-CV-435 JLS (MSB), 2020 WL 5257868, at *16 (S.D. Cal. Sept. 3, 2020).

Next, Plaintiff seeks to distinguish "identifying" accessible features and "describing" them "in enough detail," and argues that there are zero details concerning "the accessibility of the bed, the desk, sink, whether the toilet is raised and has grab bars, and whether the roll-in shower has a seat and grab bars." *See* Pl.'s Opp'n 7–9, ECF No. 12. However, the Court finds unpersuasive the claim that Defendant's presentation of "roll in shower" fails to "identify and describe accessible features . . . in enough detail." Defendant "identified" the shower as accessible, and "described" the shower as a "roll in," which is "in enough detail" because the guest with ambulatory difficulty now knows that he or she need not step into the shower. Further, "visual alarms and visual notification devices for door and phone" identifies that the alarm is one that complies with ADA accessibility standards, and its description is that it operates in visual format, which provides a detailed description for a visitor with hearing difficulties. Thus, Defendant complies with a reading of the Reservations Rule that gives meaning to both "identifying" and "describing."

The ambiguity in "enough detail" is why both the 2010 DOJ Guidance and the HWI Consent Decree are particularly informative in understanding the Reservations

Rule. These documents draw a clear line as to what level of description complies with the regulation, i.e., what it means for a public accommodation to ensure reservations "in the same manner," or "identify and describe accessible features . . . in enough detail." While Plaintiff attempts to demonstrate how "reasonable" his asks are and even provides examples of hotels that go above and beyond, *see* Pl.'s Opp'n 9–14, ECF No. 12, these offer little in how the Court should interpret the Reservations Rule. *Cf.* 36 C.F.R. Pt. 36, App. A. (commenting on "the wide variations in the level of accessibility").

      Of course, Plaintiff does not solely focus on the text of the Reservations Rule, but presents several arguments as to why he prevails under the 2010 DOJ Guidance as well. However, the Court does not find Plaintiff's arguments in this context persuasive either. Plaintiff first takes issue with the fact that Defendant is treating the 2010 DOJ Guidance as akin to a "checklist," a feature that the agency explicitly rejected. *See* Pl.'s Opp'n 3–5, ECF No. 12. It is true that the Department of Justice rejected a checklist model "[b]ecause of the wide variations in the level of accessibility that travelers will encounter." 36 C.F.R. Pt. 36, App. A. At the same time, the Court cannot ignore the Department's enumerated examples for being compliant with the Reservations Rule. If an agency states that certain things are examples of regulatory compliance and the subject meets those examples, it makes little sense to then decide that such conduct does *not* demonstrate compliance just because there can be no itemized checklist.

      Relatedly, Plaintiff argues that the enumerated examples in the 2010 DOJ Guidance do not establish a set of conditions evincing compliance, since the examples are qualified with the language "may." *See* Pl.'s Opp'n 4–5, ECF No. 12. In other words, if an example "may" demonstrate compliance, this does not necessarily mean Defendant demonstrated compliance. However, Plaintiff fails to present any authority directing the Court to conclude the contrary, other than the text of the Reservations Rule itself. *See id.* at 5. Also, the HWI Consent Decree provides additional persuasive support as to DOJ's

interpretation of the regulation.  The HWI Consent Decree found the enumerated examples were satisfactory and the Court has no reason to conclude differently.

And finally, Plaintiff draws a negative inference juxtaposing what the commentors sought for the regulatory language ("substantially similar manner") and the final draft of the 2010 DOJ Guidance ("same manner").  *See id.* at 6–7.  This is not convincing either because the Department of Justice expressly articulated what "same manner" means. And under the 2010 DOJ Guidance (as well as the HWI Consent Decree), (1) specifying that the hotel is accessible, (2) describing the general type of room, the size and number of beds, the type of accessible bathing facility, and available communications features, and (3) having a trained staff available for additional information collectively qualify as making reservations "in the same manner."  In fact, the 2010 DOJ Guidance indicates that the commentors' proposal was declined in part because the agency found success by means of settlement agreements in enforcement actions.[2]  36 C.F.R. Pt. 36, App. A.

Ultimately the Court's conclusion is in tune with countless federal district court decisions across California.  *See, e.g.*, *Arroyo v. Aju Hotel Silicon Valley LLC*, No. 20-cv-08218-JSW, 2021 U.S. Dist. LEXIS 71198, at *8 (N.D. Cal. Mar. 16, 2021) ("This conclusion is supported by the ample case law discussed above finding similar information on website reservation systems sufficient to meet the requirements of the rule and by the DOJ Guidance, which makes clear that specific details about accessibility features do not need to be provided on a hotel website.").  While Plaintiff attempts to distinguish them, the distinctions are far from meaningful.  As just one illustrative example, Plaintiff's response to *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752 PA (GJSx), 2021 U.S. Dist. LEXIS 36034, at *1 (C.D. Cal. Feb. 25, 2021), is that the

---

[2] This all evinces consistency in the agency's understanding of the regulatory framework, as discussed *supra* pages 8–9 of this Order.

1  decision is on appeal, that Plaintiff's Opposition brief demonstrates why this decision is
2  wrong, and that the Court should not grant collateral estoppel.  *See* Pl.'s Opp'n 22, ECF
3  No. 12.  None of those reasons convince the Court to deviate.
4      The Court is aware that these decisions have not been unanimously against
5  Plaintiff.  *See Garcia v. Patel & Joshi Hosp. Corp.*, No. EDCV 20-2666 JGB (PVCx),
6  2021 U.S. Dist. LEXIS 67028, at *1 (C.D. Cal. Mar. 19, 2021).  At the same time, *Patel*
7  *& Joshi* does not rescue Plaintiff's case.  This is because the website in *Patel & Joshi*
8  presents fewer accessibility details and is far less clear in terms of the accessibility
9  features.  *Compare* RJN Exs. 1, 2, ECF No. 3-2, *with* RJN Ex. 1, *Garcia v. Patel & Joshi*
10 *Hosp. Corp.*, No. 5:20-cv-0266-JGB-PVC (C.D. Cal. Feb. 21, 2021), Dkt. No. 7-2.  As
11 just one example, there is no indication in *Patel & Joshi*'s website that a trained staff is
12 available to provide additional information on the layout of the accessible rooms; there is
13 only a generic reference to "contact the Front Desk" if the guest has "questions about
14 anything."  RJN Ex. 1, *Garcia v. Patel & Joshi Hosp. Corp.*, No. 5:20-cv-0266-JGB-
15 PVC (C.D. Cal. Feb. 21, 2021), Dkt. No. 7-2.  Given the less clear/detailed website
16 layout, it makes sense for the judge to rule for the plaintiff at the motion to dismiss stage,
17 since the factual allegations and inferences are construed in favor of the non-movant.
18 Indeed, that same judge concluded the other way (and thus dismissed the case under Rule
19 12(b)(6)) in a subsequent case, based on the fact that this time the website had more
20 accessibility details than the one in *Patel & Joshi*.  *See* Order, *Garcia v. SL&C Ontario,*
21 *LLC*, No. 5:21-cv-0061-JGB-KK (C.D. Cal. Mar. 26, 2021), Dkt. No. 12.
22     To summarize, the 2010 DOJ Guidance and the HWI Consent Decree inform how
23 the Court interprets the Reservations Rule, the basis for Plaintiff's allegation that
24 Defendant violated the ADA.  And since Defendant follows the enumerated examples of
25 what the DOJ considers as being compliant, Defendant meets the requirements under the
26 Reservations Rule too.  Inferences most favorable to Plaintiff do not overcome what is

provided in Defendant's website and what the law deems as satisfactory. Thus Defendant met its burden of persuasion that there is no valid ADA claim.

Because the Court decides that Defendant complied with the Reservations Rule, it declines to address Defendant's other basis for dismissal, collateral estoppel (also known as issue preclusion) from the recent decision in *Garcia v. Gateway Hotel, L.P.*, No. 2:20-cv-10752-PA-GJS (C.D. Cal. Feb. 25, 2021). In case a dispute resurfaces, the Court comments that it would be in the parties' interest to re-argue the issue based on the correct legal standard as articulated in *Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)).[3]

With Plaintiff's ADA claims dismissed, there is no predicate violation for the Unruh Act cause of action either. No part of Plaintiff's allegations indicates that there is a violation of the Unruh Act that is independent from the ADA. *See* FAC 8, ECF No. 6 (discussing how Defendant "violated the Unruh Act by, inter alia, failing to comply with the ADA").

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. Relatedly, the Court **VACATES** the hearing on the matter which was initially scheduled for May 7, 2021. No amount of amendment of the complaint can correct the fact that Defendant's website complies with the Reservations Rule, and thus by extension the

---

[3] The legal standards presented by both parties are similar, but nonetheless inapposite. Defendant's standard relies on *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000), but the precedents *Palmer* cites to concern "offensive" collateral estoppel. The dispute in front of this Court concerns "defensive" collateral estoppel. *See generally* 18 *Moore's Federal Practice - Civil* § 132.04(2)(c) (2021). Plaintiff's standard relies on *Islam v. U.S. Dep't of Homeland Sec.*, 136 F. Supp. 3d 1088, 1091 (N.D. Cal. 2015), but the precedent *Islam* cites to is quoting California's law on issue preclusion. Federal law on issue preclusion governs the instant dispute.

ADA and the Unruh Act.  Therefore, the First Amended Complaint is **DISMISSED with prejudice**.

      **IT IS SO ORDERED.**

Dated:  May 3, 2021

                                              Hon. Gonzalo P. Curiel
                                              United States District Judge